[Civ. No. 15560.  Second Dist., Div. One.  May 15, 1947.]

M. H. RAWJEE, Respondent, v. D. M. HATTON, Appellant.

Alexander K. Ginsburg and J. Howard Ziemann for Appellant.

G. V. Weikert for Respondent.

DRAPEAU, J. pro tem.—Plaintiff and defendant entered into a contract of purchase and sale of dillseed.  This product is grown in India, and is used in the bakery trade in the United States in making rye bread.  The contract provided for delivery of seed to the plaintiff ex-dock in the United States and fixed the purchase price at 9 cents per pound.

Defendant breached the contract; plaintiff proved the market price of the product at the time of the breach at 15 cents per pound; and was awarded damages in the sum of $7,392.

There is no conflict in the testimony respecting the contract or its breach.  The defendant contends that he is not bound by the contract because the purchase price of the

dillseed was fixed by O.P.A. at 7.5 cents per pound. However, when the parties learned of this situation they mutually changed the contract to read recleaned dillseed in place of cleaned dillseed.

In the trade these terms have a definite meaning. Recleaned dillseed is that which has been processed so that practically all impurities have been taken out of it, whereas cleaned dillseed is the product as it comes from the producer.

No maximum price of recleaned dillseed was fixed by O.P.A. Therefore this defense will not avail the defendant in such a case as this, in which the law awards a vendee damages for breach of a contract of purchase and sale.

Defendant also contends that the contract was impossible of performance because of a fire in Bombay, India, which destroyed warehouses and shipping facilities and made it impossible for dillseed to be shipped to fulfil the terms of the contract. The only evidence which defendant presented on this issue were certain communications from his supply houses in Bombay asserting this fact. Plaintiff presented a witness from Bombay who testified that the defendant's supplier's warehouses were not damaged by the fire, and that there was no condition beyond the power of the vendor to supply the dillseed.

Appellant complains of findings by the trial court, fixing the date of delivery of the goods, as contemplated by the contracting parties, and establishing the market value thereof on that date, essential proof in these cases. This presents the familiar situation wherein the trial court could have found either way, but having exercised its province to find for the prevailing party, and substantial evidence appearing in the record to support its findings, it is not the province of an appellate court to disturb them.

The evidence fully supports the findings and judgment of the trial court.

Judgment affirmed.

York, P. J., and White, J., concurred.

A petition for a rehearing was denied June 3, 1947, and appellant's petition for a hearing by the Supreme Court was denied July 10, 1947.